Filed 9/8/21  P. v. Valdivia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077149 |
| v. | (Super.Ct.No. RIF125904) |
| ARNALDO A. MERCADO VALDIVIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Larrie R. Brainard, Judge.

(Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to

art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Arnaldo A. Mercado Valdivia appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

## BACKGROUND

1. *The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from our opinion issued in defendant's appeal from the judgment.  (*People v. Valdivia* (Jul. 28, 2009, E045656) [nonpub. opn.].)  A copy of the opinion is included in the record on appeal.

In August 2005, defendant was the driver during a gang-related shooting.  After driving by three men standing in the front yard of an occupied home, defendant made a U-turn and stopped the car.  A passenger in the car, Richard Granillo, began repeatedly shooting a semiautomatic weapon at the men, killing one of them.  A jury convicted defendant of four felonies with enhancements:  second degree murder, two counts of attempted murder, and shooting at an occupied house.  (§§ 186.22, subd. (b), 187, subd. (a), 246, 664, 12022.53, subds. (d) & (e).)  The court sentenced defendant to a total prison sentence of 126 years to life.  Defendant appealed his conviction to this court, and we affirmed the judgment.  (*People v. Valdivia*, *supra*, E045656.)

---

[1]  All further statutory references are to the Penal Code.

## 2. *Defendant's petition for resentencing*

In February 2019, defendant filed a petition for resentencing pursuant to section 1170.95. He requested counsel and one was appointed for him. The People filed an opposition to the petition, arguing Senate Bill No. 1437 (Stats. 2018, ch. 1015.) violates the California Constitution and, in all events, defendant is not eligible for relief because he was convicted as an aider and abettor. In his reply, defendant disagreed with the People. In January 2021, the People moved for summary denial of the petition on the grounds the jury had not been instructed on the felony-murder rule or the natural and probable consequences doctrine, and it had found defendant guilty of second degree murder as an aider and abettor.

Defendant was not present when his petition was heard in May 2021. Counsel for the parties agreed defendant was not eligible for relief under Senate Bill No. 1437, and the court denied the petition.

Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests two potentially arguable issues: (i) whether the trial court improperly relied on an incomplete record and facts from the opinion in the appeal from the judgment when denying the resentencing petition; and (ii) whether the People establish defendant was ineligible for relief as a matter of law.

3

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, (*Cole*) review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54

4

Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
            P. J.

We concur:


McKINSTER
            J.


MILLER
            J.